UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 4:04-cv-48 |
| v. ) | |
| ) | Judge Mattice/Steger |
| TIMOTHY R. MERRELL ) | |

**REPORT AND RECOMMENDATION CONCERNING ORDER OF JUDGMENT AGAINST GARNISHEE**

This matter is before the Court on the Second Motion to Require the Garnishee to Appear Before the Court to Answer the Writ and to Withhold Property Before the Appearance Date filed by the United States [Doc. 49]. Pursuant to 28 U.S.C. § 3205(c)(6), the Court granted the motion and set a hearing for May 25, 2017 at 2:00 p.m. [Doc. 50]. Assistant United States Attorney ("AUSA") Kenny L. Saffles appeared for the hearing on behalf of the United States, and Defendant, Timothy R. Merrell, appeared for the hearing. No one else appeared.

For the reasons stated herein, it is **RECOMMENDED**[1] that judgment be entered against the Garnishee, Merrell Foot Clinic and Marnie Merrell, for the value of Defendant's nonexempt interest in any property in the Garnishee's possession, up to and including the full value of Defendant's judgment ($93,005.99 as of May 25, 2017) plus interest, upon which execution may issue if necessary, until such time that the Writ of Garnishment is terminated as provided by 28 U.S.C. § 3205(c)(10).

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

By way of background, the United States previously filed a Motion to Require the Garnishee to Appear Before the Court to Answer the Writ and to Withhold Property Before the Appearance Date on August 4, 2016 [Doc. 40]. That motion was also granted, and a hearing was conducted on October 19, 2016 [Docs. 41, 44-46]. AUSA Saffles appeared for that hearing on behalf of the United States, Defendant appeared for that hearing, but no one else appeared. During that hearing, Defendant admitted that Merrell Foot Clinic was his wife's – Marnie Merrell's – sole proprietorship and that he worked for her as a W-2 wage earner [Doc. 46 at 20-21, 36-37]. However, the United States agreed not to pursue the first motion against the Garnishee in exchange for Defendant's agreement to enter into a payment plan of $500 per month beginning on November 15, 2016 [*Id.* at 50; Doc. 47]. Defendant made two payments under the payment plan and then defaulted, which prompted the United States to file the second motion against the Garnishee [Doc. 49].

The Garnishee never answered the Writ of Garnishment. Ms. Merrell, as the sole proprietor, did not appear for either hearing. To the extent that Defendant could serve as a representative of the Garnishee, he did not provide good cause as to why the Garnishee failed to respond to the Writ of Garnishment. Under the Federal Debt Collection Procedure Act ("FDCPA"), "[i]f the garnishee fails to appear, or appears and fails to show good cause why the garnishee failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt interest in such property (including nonexempt disposable earnings)." 28 U.S.C. § 3205(c)(6). In addition, "[t]he court may award a reasonable attorney's fee to the United States and against the garnishee . . . ." *id.*, but the United States is not seeking any attorney's fees. Instead, during the hearing, the United States moved for entry of judgment against the Garnishee pursuant to the FDCPA. The Court finds that the United States' motion

for entry of judgment is well-taken and that the relief it seeks is mandated by the plain language of the FDCPA.

Therefore, it is **RECOMMENDED** that the motion for entry of judgment be **GRANTED,** and that judgment be entered against the Garnishee, Merrell Foot Clinic and Marnie Merrell, for the value of Defendant's nonexempt interest in any property in the Garnishee's possession, including, but not limited to, Defendant's nonexempt disposable earnings, from the date that the Writ of Garnishment was served up to and including the full value of Defendant's judgment ($93,005.99 as of May 25, 2017) plus interest, upon which execution may issue if necessary, until such time that the Writ of Garnishment is terminated as provided by 28 U.S.C. § 3205(c)(10). *See U.S. v. Jean-Baptiste*, No. 98-CV-7025, 2007 WL 3197390, at *2 (E.D.N.Y. Oct. 26, 2007) (entering judgment against the defendant's employer in the full amount of the defendant's judgment "plus interest from the date of service of the writ" because the employer failed to answer the writ of garnishment and failed to appear for the hearing that was set pursuant to 28 U.S.C. § 3205(c)(6)).

**ENTER.**

/s/ *Christopher H. Steger*
United States Magistrate Judge