UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 4:04-cv-48 |
| v. ) | |
| ) | Judge Mattice |
| TIMOTHY R. MERRELL, ) | Magistrate Judge Steger |
| ) | |
| *Defendant*, ) | |
| ) | |
| *and* ) | |
| ) | |
| MERRELL FOOT CLINIC ) | |
| ) | |
| *Garnishee*. ) | |

## **ORDER**

On June 9, 2017, United States Magistrate Judge Christopher Steger filed a Report and Recommendation (Doc. 53) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Steger made the following recommendation regarding the United States' Writ of Garnishment (Doc. 37):

> [T]hat judgment be entered against the Garnishee, Merrell Foot Clinic and Marnie Merrell, [as its sole proprietor,] for the value of Defendant's nonexempt interest in any property in the Garnishee's possession, up to and including the full value of Defendant's Judgment ($93,005.99 as of May 25, 2017) plus interest, upon which execution may issue if necessary, until such time that the Writ of Garnishment is terminated as provided by 28 U.S.C. § 3205(c)(1).

(Doc. 53 at 1). Magistrate Judge Steger made this recommendation following two hearings on the matter, the first held on October 19, 2016, and the second on May 25, 2017. The Garnishee failed both to answer the writ and to appear at either hearing. Pursuant to the Federal Debt Collection Procedure Act,

> [i]f a garnishee fails to answer the writ of garnishment or to withhold property in accordance with the writ, the United States may petition the court for an order requiring the garnishee to appear before the court to answer the writ and to so withhold property before the appearance date. If the garnishee fails to appear, or appears and fails to show good cause why the garnishee failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt interest in such property (including nonexempt disposable earnings).

28 U.S.C. § 3205(c)(6). As set forth in his Report and Recommendation, Judge Steger found no good cause for the Garnishee's failure to answer the writ or appear at the hearings.

Neither party has filed objections to the Magistrate Judge's Report and Recommendation.[1] Nevertheless, the Court has reviewed the record in this matter, and the undersigned agrees with the Magistrate Judge's well-reasoned conclusions.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Steger's findings of fact and conclusions of law. A separate judgment shall enter against the Garnishee for the value of Defendant's nonexempt interest in any property in the Garnishee's possession, up to and including the full value of Defendant's Judgment ($93,005.99 as of May 25, 2017) plus interest, upon which execution may issue if necessary, until such time that the Writ of Garnishment is terminated as provided by 28 U.S.C. § 3205(c)(1).

---

[1] Magistrate Judge Steger specifically advised the parties that they had 14 days in which to object to the Report and Recommendation and that failure to do so would waive their right to appeal. (Doc. 53 at 1 n. 1); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

**SO ORDERED** this 5th day of October, 2017.


                                          */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE